```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:    3/31/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                               :

L.Y.E. Diamonds LTD, E.G.S.D. Diamonds,  :
Ltd., Gregori Elizarow *also known as* Gavriel  :
Yelizarov, and Natanel Ylazaroy *also known*  :
*as* Nati Yizrov,  :
                        Plaintiffs,  :
                                :

           -v-           :

Gemological Institute of America Inc.,  :
Rapaport USA, Inc., Rapaport Diamond  :
Corporation, John and Jane Does 1 Through 10:
*the names being fictitious and whose true*  :
*names are unknown to Plaintiff*, John Doe  :
Corporations 1 through 10 *the names being*  :
*fictitious and whose names are unknown*  :
*to Plaintiff,* Other John Doe Entities 1-10 *the*  :
*names being fictitious and whose true names*  :
*are unknown to Plaintiff,* and Thomas Moses,  :
                                :
                   Defendants.  :
                                :
-------------------------------------------------------X

16-CV-3766 (VSB)

**MEMORANDUM & OPINION**

Appearances:

Jeffrey R. Miller
Doron A. Leiby
Miller, Leiby & Associates, P.C.
New York, New York
*Counsel for Plaintiffs*

Andrew Lawrence Deutsch
Gail McLemore Rodgers
DLA Piper US LLP
New York, New York
*Counsel for Defendants Gemological Institute of America Inc. and Thomas Moses*

David M. Rabinowitz
Moses & Singer, LLP
New York, New York

Mario P. Lovato
Lovato Law Firm, P.C.
Las Vegas, Nevada
*Counsel for Defendants Rapaport USA, Inc. and Rapaport Diamond Corp.*

VERNON S. BRODERICK, United States District Judge:

Before me is the motion of L.Y.E. Diamonds LTD, E.G.S.D. Diamonds, Ltd., Gregori

Elizarow a/k/a Gavriel Yelizarov, Yosef Ylazarov, Mikhael Ylazarov, and Natanel Ylazarov

a/k/a/ Nati Yizrov ("Plaintiffs") to remand this action to the Supreme Court of the State of New

York, New York County pursuant to 28 U.S.C. § 1447.  (Doc. 16.)  For the reasons that follow,

Plaintiffs' motion to remand is GRANTED and this case is REMANDED.

## I.    **Background and Procedural History**

Plaintiffs commenced this action in state court on March 2, 2016 by filing a summons

with notice and naming Defendants Gemological Institute of America, Inc. ("GIA"), Thomas

Moses ("Moses") (collectively, the "GIA Defendants"), Rapaport USA, Inc. ("Rapaport USA"),

Rapaport Diamond Corporation ("Rapaport Diamond") (collectively, the "Rapaport

Defendants"), and various John and Jane Does, John Doe Corporations, and John Doe entities.

(Doc. 1-1 at 3.)[1]  The complaint was not attached to the summons.  (*See id.*)  On or about March

28, 2016, Plaintiffs served the GIA Defendants and Rapaport Diamond, and on or about March

30, 2016, Plaintiffs served Rapaport USA with the summons with notice.  (*Id.* at 8, 13-15.)  On

April 18, 2016 and April 19, 2016, respectively, the GIA Defendants and the Rappaport

Defendants filed demands for the complaint.  (*Id.* at 16, 17-18.)

On April 29, 2016, Plaintiffs filed and served their complaint, (*id.* at 20, 122), and on

May 19, 2016, Rapaport USA filed the notice of removal, (Doc. 1).  The notice of removal stated

that "Defendant Rapaport USA, Inc. . . . hereby removes this action from the Supreme Court of

New York, County of New York, to the United States District Court for the Southern District of

---

[1] The summons with notice, affidavits of service, demands for the complaint, and verified complaint with various exhibits are all attached to the notice of removal and are included in Document 1-1.  Therefore, I cite to the page numbers provided by the electronic filing system for Document 1-1.

New York, and are informed that the other Defendants in this action will join and otherwise support the Petition for Removal."  (*Id.*)  The notice also indicated that Rapaport USA "understand[s] that all Defendants consent to the removal of this case to this Court."  (*Id.* ¶ 53.) Although counsel for the GIA Defendants thereafter filed notices of appearance on May 26, 2016, (Docs. 4, 5), and counsel for Rapaport Diamond filed their notice of appearance on July 19, 2016, (Doc. 21), they did not file or otherwise submit to this Court any explicit written consent to removal.

On May 26, 2016, the GIA Defendants submitted a pre-motion letter in anticipation of filing a motion to dismiss the complaint, (Doc. 6), and on May 31, 2016, the Rapaport Defendants submitted a pre-motion letter in anticipation of filing a motion to dismiss, for summary judgment, or, in the alternative, to change venue or sever claims, (Doc. 8).  The Rapaport Defendants explained that their pre-motion letter had erroneously been filed in state court on May 26, 2016.  (Doc. 9.)  I set a pre-motion conference for July 7, 2016 to address the motions.  (Doc. 14.)

On June 17, 2016, Plaintiffs filed a motion to remand, along with an accompanying memorandum of law with exhibits.  (Docs. 16-17.)  Upon receiving the motion, I set a briefing schedule and adjourned the pre-motion conference to September 1, 2016.  (Doc. 18.)  In accordance with that schedule, the Rapaport Defendants filed an opposition on July 18, 2016, (Doc. 22), and on August 1, 2016, Plaintiffs filed their reply, (Doc. 24).

On August 31, 2016, I issued an order instructing the parties to be prepared to address specific questions in connection with the motion to remand, mainly involving whether the rule of unanimity, requiring the consent of all defendants to removal, had been satisfied.  (*See* Doc. 25.) In that order, I also directed the parties to the case of *Bedminster Financial Group, Ltd. v.*

*Umami Sustainable Seafood, Inc.*, No. 12 Civ. 5557(JPO), 2013 WL 1234958 (S.D.N.Y. Mar. 26, 2013), and asked that the parties be prepared to discuss the case's relevance to the questions posed, (Doc. 25).  After the conference was held on September 1, 2016 and for the reasons set forth during the conference, I set deadlines for the parties to submit additional, focused arguments by letter addressing the questions raised in my order and during the conference.  (*See* Dkt. Entry Sept. 1, 2016.)  In accordance with those deadlines, the GIA Defendants submitted a letter on September 16, 2016 together with an accompanying declaration and exhibit, which stated that, among other things, counsel for Rapaport Defendants had received the consent of all Defendants by telephone prior to filing the notice of removal.  (Docs. 26-27.)  On that same day, the Rapaport Defendants filed a similar letter.  (Doc. 28.)  On September 30, 2016, Plaintiffs filed a response to those letters, (Doc. 29), and on October 7, 2016, the GIA Defendants and the Rapaport Defendants, respectively, filed their replies, (Docs. 32, 33).

## II.   Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  A defendant seeking removal of a civil action from State court must file "in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).  The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  28 U.S.C. § 1446(b)(1).  When an action is removed pursuant to 18 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A); *see also Ortiz v. City of N.Y.*, No. 13 Civ. 136(JMF), 2013 WL 2413724, at *1 (S.D.N.Y June 4, 2013).

"Usually, an action brought in state court may only be removed if federal jurisdiction would have been proper at the outset."  *McCullogh Orthopaedic Surgical Servs., PLLC v. Cigna Health & Life Ins. Co.*, No. 15 Civ. 2244(CM), 2015 WL 3526951, at *3 (S.D.N.Y. June 3, 2015); *see also Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 485–86 (2d Cir. 1998). The existence of federal subject matter jurisdiction is "normally to be determined as of the time of removal."  *Warburton v. John Jay Coll. of Criminal Justice of City Univ. of N.Y.*, No. 14-CV-9170 (JPO), 2015 WL 3948107, at *2 (S.D.N.Y. June 29, 2015) (quoting *Halingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009)).

Whenever removal of an action to federal court is challenged, the removing party "has the burden of establishing that removal is proper."  *See United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *Bedminster*, 2013 WL 1234958, at *2.  "Such an approach is 'warranted because removal abridges the deference courts generally give to a plaintiff's choice of forum.'"  *Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, No. 14 Civ. 1936 (ER), 2015 WL 1433320, at *3 (S.D.N.Y. Mar. 30, 2015) (citations omitted).  This requires not only that the removing party demonstrate "a jurisdictional basis for removal," but also that the party show "the necessary

compliance with the statutory requirements.  There is nothing in the removal statute that suggests

that a district court has "discretion" to overlook or excuse prescribed procedures."

*Commonwealth Advisors Inc. v. Wells Fargo Bank, Nat'l Ass'n*, No. 15-CV-7834 (JMF), 2016

WL 3542462, at *2 (S.D.N.Y. June 23, 2016) (quoting *Codapro Corp. v. Wilson*, 997 F. Supp.

322, 324–25 (E.D.N.Y. 1998)); *see also In re Vill. of Kiryas Joel, N.Y.*, No. 11 Civ. 8494(ER),

2012 WL 1059395, at *2 (S.D.N.Y. Mar. 29, 2012).  If the removing party fails to meet that

burden, "the case must be remanded back to state court."  *Bellido Sullivan v. Am. Int'l Grp., Inc.*,

123 F. Supp. 2d 161, 163 (S.D.N.Y. 2000).

     "In light of the congressional intent to restrict federal court jurisdiction, as well as the

importance of preserving the independence of state governments, federal courts construe the

removal statute narrowly, resolving any doubts against removability."  *Lupo v. Human Affairs*

*Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d

1043, 1045–46 (2d Cir. 1991)); *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109

(1941) ("Due regard for the rightful independence of state governments, which should actuate

federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits

which the statute has defined.") (citation omitted); *In re Methyl Tertiary Butyl Ether ("MTBE")*

*Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) ("[O]ut of respect for the limited

jurisdiction of the federal courts and the rights of states, we must resolve any doubts against

removability." (internal quotation marks omitted)).

**III.**   **Discussion**

     Plaintiffs argue that the failure of each defendant to independently express consent to

removal within thirty days of Defendant Rapaport USA filing the notice of removal requires

remand.  (Pls.' Mem. ¶¶ 30-39; Pls.' Reply ¶¶ 18-29.)[2]  In response, the Rapaport Defendants originally contended only that the GIA Defendants were not required to join the notice of removal because at the time it was filed, they had not been served with the complaint.  (Rapaport Opp. 18-20.)[3]  The Rapaport Defendants further asserted that Rapaport Diamond was fraudulently joined and, therefore, could be disregarded in determining whether there was proper consent to removal.  (*Id.* 17-18.)  The Rapaport Defendants did not otherwise address the requirement for unanimous consent.  However, following my request that the parties submit additional letters addressing the consent issue, the GIA Defendants argued that the rule of unanimity had been satisfied because:  (1) counsel for the GIA Defendants informed counsel for the Rapaport Defendants by telephone that the GIA Defendants consented to removal prior to Rapaport USA filing the notice of removal; (2) Rapaport USA's notice of removal stating that all defendants consent to removal should be sufficient, as the rule of unanimity "does not require that each non-moving defendant file a separate statement of consent with the Court"; (3) the GIA Defendants' consent to removal is confirmed by the filing by counsel of notices of appearance in federal court, a corporate disclosure statement for GIA, and a pre-motion letter; and (4) in any event, any defect in the notice of removal is a technical defect, meaning that I should permit the Rapaport Defendants to amend the notice of removal to clearly indicate the GIA Defendants' consent.  (GIA Ltr.)[4]  The Rapaport Defendants offer similar arguments in their letter.  (*See* Rapaport Ltr.)[5]  However, while addressing the rule of unanimity and the issues surrounding the

---

[2] "Pl.'s Mem." refers to the Memorandum of Law in Support of Plaintiffs' Motion to Remand.  (Doc. 17.)  "Pls.' Reply" refers to the Reply Memorandum of Law in Further Support of Plaintiffs' Motion to Remand.  (Doc. 24.)

[3] "Rapaport Opp." refers to Defendants Rapaport USA, Inc. and Rapaport Diamond Corporation's Memorandum of law in Support of Opposition to Motion to Remand.  (Doc. 22.)

[4] "GIA Ltr." refers to the September 16, 2016 letter written by the GIA Defendants.  (Doc. 26.)

[5] "Rapaport Ltr." refers to the September 16, 2016 letter written by the Rapaport Defendants.  (Doc. 28.)

GIA Defendants' alleged consent, the Rapaport Defendants seem to obscure the procedural

history, referring to the notice of removal as filed "on behalf of the Rapaport Parties,"[6] (*id.*),

despite their former acknowledgement that the notice of removal was only submitted by

Rapaport USA, (*see, e.g.*, Rapaport Opp. 6, 12, 17).

Since 2011, the statute governing the procedure for removal has also provided that "all

defendants who have been properly joined and served must join in or consent to the removal of

the action."  28 U.S.C. § 1446(b)(2)(A); *see also Ortiz*, 2013 WL 2413724, at *1.  Prior to the

inclusion of this provision in the statute, courts in the Second Circuit "consistently interpreted

the statute 'as requiring that all defendants consent to removal within the statutory thirty-day

period, a requirement known as the 'rule of unanimity.''"  *Pietrangelo v. Alvas Corp.*, 686 F.3d

62, 66 (2d Cir. 2012) (quoting *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d

367, 383 (S.D.N.Y. 2006)); *see also Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477

(S.D.N.Y. 2001) ("[T]he removal statute has consistently been interpreted to require that all

defendants consent to removal within the thirty day period, known as the 'Rule of Unanimity.'")

(citing *Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21(DLC), 1999 WL 92269, at *2

(S.D.N.Y Feb. 19, 1999)).  The rule requires that defendants "independently express their

consent to removal."  *Pietrangelo*, 686 F.3d at 66 (citing *Ricciardi v. Kone, Inc.*, 215 F.R.D. 455,

458 (E.D.N.Y. 2003); *Codapro Corp.*, 997 F. Supp. at 325).

The independent consent requirement initially read into § 1446 was then codified by the

federal removal statute gives appropriate deference to the plaintiff's choice of forum.  *See*

*Commonwealth Advisors Inc.*, 2016 WL 3542462, at *3 (further noting that "[i]f any defendant

---

[6] Rapaport Defendants is defined in the letter as "Defendants Rapaport USA, Inc. and Rapaport Diamond
Corporation (collectively, the 'Rapaport Parties')."  (Rapaport Ltr. 1.)

does not consent to removal within the requisite time, the plaintiff's decision to bring his action in a state forum will trump and removal will fail").  "Courts have very little discretion—if any—to forgive a failure to comply with the rule of unanimity."  *Bedminster*, 2013 WL 1234958, at *5 (citation omitted); *see also Metro. Transp. Auth. v. U.S. Fidelity & Guaranty Co.*, No. 14 Civ. 9059(PAE), 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015) ("[T]he failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case." (quoting *Kiryas Joel*, 2012 WL 1059395, at *3)).  There are three exceptions to the rule, which allow a defendant to avoid obtaining the consent of a co-defendant when that co-defendant "(1) has not been served with service of process at the time the removal petition is filed; (2) is merely a nominal or formal party; or (3) is not subject to the removal claim, which is a separate and independent claim from those asserted against the non-consenting defendant as defined by 28 U.S.C. §1441(c)."  *Bedminster*, 2013 WL 1234958, at *6 (alterations omitted) (quoting *Heller v. New York City Health & Hosps. Corp.*, No. 09 Civ. 6193(LTS)(GWG), 2010 WL 481336, at *2 (S.D.N.Y. Feb. 1, 2010)); *accord Metro. Transp. Auth.*, 2015 WL 1730067, at *4; *Kiryas Joel*, 2012 WL 1059395, at *4 & n.2.  None of the exceptions are applicable here.

As an initial matter, although the Second Circuit has yet to advise precisely what form the consent should take, most courts in this district have required "some form of unambiguous written evidence of consent."  *Baiul v. William Morris Agency, LLC*, No. 13 Civ. 8683(KBF), 2014 WL 465708, at *2 (S.D.N.Y. Feb. 3, 2014) (quoting *Stop & Shop Supermarket Co. v. Goldsmith*, No. 10 Civ. 3052(KMK), 2011 WL 1236121, at *2 (S.D.N.Y. Mar. 31, 2011)); *see also Metro. Transp. Auth.*, 2015 WL 1730067, at *4; *Payne*, 172 F. Supp. 2d at 477 (the rule of unanimity requires that "each defendant must submit written consent unambiguously agreeing to

9

removal").  While this does not mean that all defendants have to sign the removal petition, *see Baiul*, 2014 WL 465708, at \*2, it is "insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf," *Bedminster*, 2013 WL 1234958, at \*6 (quoting *Codapro*, 997 F. Supp. at 326); *see also Metro. Transp. Auth.*, 2015 WL 1730067, at \*4.

I agree with the courts in this Circuit that have found that something more is required for a defendant to express unambiguous consent to removal than merely advising the removing defendant that it consents to removal or filing documents that do not address consent on the federal docket, and for that reason Defendants' first three arguments, (*supra* at 7), fail.  It is simply insufficient that Rapaport USA received the consent to removal during a telephone conversation with the GIA Defendants and later expressed that consent on their behalf in the removal petition.  *See, e.g.*, *Metro. Transp. Auth.*, 2015 WL 1730067, at \*4; *Bedminster*, 2013 WL 1234958, at \*6; *Kiryas Joel*, 2012 WL 1059395, at \*3.  Moreover, with respect to Rapaport Diamond, the Rapaport Defendants neglect to point to any indication of independent consent, but rather—for the first time in their supplemental letter—state that the notice of removal was filed on behalf of both Rapaport USA and Rapaport Diamond.  And, given the specific decision made by counsel—who represents both Rapaport Defendants—to specifically state that "Rapaport USA . . . hereby removes this action," (Doc. 1), and to later affirm as much in the briefing, the circumstances indicate a conscious decision on the part of Rapaport Diamond to disregard the rule of unanimity.  Whether counsel chose not to include Rapaport Diamond in the notice of removal in reliance on their argument that Rapaport Diamond was fraudulently joined, omitted it in error, or for some other strategic reason is not relevant; whatever the reason, Rapaport

Diamond's consent was not independently given at any point in time.[7]

Defendants' fourth argument—that I should allow them to amend the notice of removal to cure any defect—also fails.  In fact, a similar argument, addressing an affidavit indicating consent filed months after the notice of removal was filed, was considered and rejected by the court in *Bedminster*, which noted that the "unduly creative" view that a district court may "ignore or allow defendants to cure defects in a notice of removal . . . has been repeatedly called into doubt."  2013 WL 1234958, at *6–7.

Finally, I reject the Rapaport Defendants' original position—to the extent that they continue to adhere to it—that the consent of the GIA Defendants to removal was not required because the GIA Defendants had not been properly served.[8]   (*See* Rapaport Opp. 18-20.)  In reaching this conclusion, I note that while it is universally acknowledged that a removing defendant is not required to obtain the consent of a defendant who has not been served, there is a conflict among courts with respect to whether a removing defendant is absolved from following the rule of unanimity based on the assertion that service on the non-removing defendant was improper or defective.  *See Bedminster*, 2013 WL 1234958, at *8–9 (citing case law). Regardless, even under the approach that permits a removing defendant to avoid the rule of unanimity based on alleged improper or defective service on the non-removing defendant, the Rapaport Defendants' argument still fails because the GIA Defendants were, in fact, properly

---

[7] In light of the fact that I find remand necessary regardless of Rapaport Diamond's status, I do not address here the additional argument that Rapaport Diamond is a nominal party.  (*See* Rapaport Opp. 14-15.)

[8] During the pre-motion conference, Plaintiffs' counsel produced a "consent to service from the GIA, Tom Moses that was effectuated by written confirmation dated March 29th."  (Doc. 30 at 5:8-12.)  Counsel also pointed out that the summons with notice initiated the action in State court and that "all subsequent pleadings in [the] matter were effectuated in the state system pursuit to the e-filing or the e-system delivery."  (*Id*. at 5:16-18.)  Therefore, service of the complaint was accomplished through e-filing.  (*Id*.)  The Rapaport Defendants did not raise the alleged failure to serve the GIA Defendants in their supplemental letter and appear to have abandoned that argument in light of the proof of service and representations of Plaintiffs' counsel.

served.

Neither the Rapaport Defendants nor the GIA Defendants appear to dispute that the GIA Defendants were properly served with the summons with notice, after which point the GIA Defendants made a demand for the complaint.  (*See* Rapaport Opp. 18; Pls.' Reply ¶ 23.) Moreover, although the affidavit of service for the complaint incorrectly states that Plaintiffs served the Rapaport Defendants at the address for counsel for the GIA Defendants, it is clear that counsel for the GIA Defendants were properly served with a copy of the verified complaint on April 29, 2016 at the exact address given by the GIA Defendants' counsel in their notice of demand for complaint.  (*See* Doc. 1-1 at 20, 122.)  Indeed, at no point have the GIA Defendants themselves raised the issue of improper service and, at the September 1, 2016 conference, Plaintiffs indicated that they possessed a consent to service from the GIA Defendants.  (Doc. 30 at 5:8-12.)

Thus, because I find that Defendants have failed to comply with the rule of unanimity, and that such defect is fatal, I remand this action to the Supreme Court of the State of New York, New York County.

IV.   **Conclusion**

For the foregoing reasons, Plaintiff's motion to remand is GRANTED.  The case is

hereby REMANDED to the Supreme Court of the State of New York, New York County.  The

Clerk of the Court is directed to close the motion at Document 16 and terminate this case.


SO ORDERED.

Dated: March 31, 2017
       New York, New York

Vernon S. Broderick
United States District Judge